JOHN WINSLOW JONES, Appellant,

*vs.*

FIRST NATIONAL BANK and others.

Cumberland.   Opinion March 1, 1887.

</div>

*Insolvent Law. Discharge. Fraud. R. S., c. 70, § 46.*

To entitle a merchant or trader to a discharge in insolvency, he must have kept, for the period material to the inquiry, as the statute was prior to 1885, "a cash book and other proper books of account," as the statute now is,

"proper books of account." No matter what the motive may have been in not keeping them.

False swearing by the insolvent, in material matters, before the insolvent court, deprives him of a discharge; the presumption is conclusive that the intent is to defraud.

ON motion to set aside the verdict and for new trial.

The opinion states the case.

*Harvey D. Hadlock*, for appellant.

Keeping proper books of account, within the meaning of the bankrupt law, consists in keeping and preserving an intelligent record of the merchant's or tradesman's affairs with such reasonable accuracy and care as may properly be expected from a man in that business. An accidental failure to make a proper entry will not vitiate. *Re Winsor*, 16 Bank. Reg. 152.

The requirement that the bankrupt shall keep proper books of account is satisfied if his creditors can gather from the book as kept, a correct understanding of his business and financial condition. *Re Antisdel*, 18 Bank. Reg. 289.

A business connection with a corporation, as stockholders and officers, will not constitute one a merchant or trader where such corporation is not itself in bankruptcy. *Re Stickney*, 17 Bank. Reg. 305.

The word trader should not be deemed to extend to a person whose principal and proper vocation is that of a farmer, though he has sometimes bought stock, produce, etc., to sell again. This provision being penal, should be limited to the persons clearly within its object and policy, those who are habitually in the business of buying and selling to such an extent that by usage they may be expected to keep systematic books of account. *Re Cote*, 14 Bank. Reg. 503.

Occasional buying and selling will not necessarily make one a trader under bankrupt and insolvent laws; to make one such, he must buy and sell as a business. *Groves* v. *Kilgore*, 72 Maine, 489.

A person who sells his own products is not a trader. *Sylvester* v. *Edgecomb*, 76 Maine, 500.

A bankrupt must have his discharge unless some of the

grounds of the opposition specified can be established by it. In the matter of *Clark* v. *Clark*, 2 Biss. 73.

A specification of opposition to the discharge of a bankrupt alleging that he has destroyed, mutilated and falsified his documents and papers showing his business and financial transactions, but not averring that the acts were done with intent to defraud his creditors, is defective. *Mater* v. *Marston*, 5 Ben. 313; *Re Freeman*, 4 Ben. 245.

Specifications in opposition to a discharge must be precise and definite — as precise, even, as a charge in an indictment. *Re Butterfield*, 5 Bliss. 120; 14 Bank. Reg. 147.

Discharge can be refused only on the ground specified in this section. R. S., sec. 46, c. 70.

In order to bar a discharge on the ground that the bankrupt swore falsely in the affidavit accompanying his schedule that he was indebted to a creditor named therein, or that he did not disclose to the assignee that the claim was false and fictitious, it must appear that he knew that the claim was false and fictitious. *Re Blumenthal*, 18 Bank. Reg. 555.

*Symonds and Libby*, for appellee.

PETERS, C. J. This case is before us on a motion to set aside the verdict of a jury upon certain issues submitted to them, which have been found adversely to the appellant, and in substance deny him a discharge in insolvency. It was brought up by appeal from the Judge of Insolvency, Cumberland county, refusing the appellant a discharge, under the provisions of the insolvent act, for the reasons set forth in the decree. The proceedings in the insolvent court were begun by creditors' petition, filed May 17, 1884.

The issues found by the jury, in this court, against the appellant, are shown in questions seven, nine and ten, as follows:—

(7.) "Did said insolvent, being a merchant and trader at said Portland, from the first day of January, A. D., 1883, to the

sixteenth day of May, A. D., 1884, fail during said period, or any part thereof, to keep a cash book or other proper books of account? Answer. Yes."

(9.) "Did said insolvent knowingly and falsely swear in his said examination, in a material matter, that he had no private business of his own from the time of the failure of said J. Winslow Jones & Co. Limited, namely, on or about the first day of January, A. D., 1882, to the time of the commencement of these proceedings, namely, on the sixteenth day of May, A. D., 1884? Answer. Yes."

(10.) "Did said insolvent falsely and knowingly swear, in a material matter in the course of said examination, that during the years 1882 and 1883, and that part of the year 1884, which was prior to the commencement of said proceedings in insolvency, he had no letter books, in which he kept letter-press copies of letters written by him, or copies of such letters? Answer. Yes."

The case is not affected by chapter 326 of the act approved March 4, 1885, amending section 46 of chapter 70 of the revised statutes, by which a merchant or trader is required to keep a cash book or other proper books of account. It is provided by the second section of the amendatory act that it shall not apply to pending proceedings.

These issues passed upon by the jury relate to the nature and extent of the insolvent's business transactions, and were material matters of investigation by his assignee and creditors, for the proper administration of his estate. The failure by a merchant or trader to keep a cash book, or other proper books of account, and false swearing, are made by the statute (§ 46 c. 70, R. S.) causes for refusing an insolvent's discharge. The right of an insolvent debtor to a discharge from his debts depends upon whether or not he "has in all things conformed to his duty under this chapter." (Chap. 70, R. S.)

We have carefully examined and considered the testimony adduced at the trial before the jury on the issues submitted to them, and are of the opinion that it is not a case where the evidence will permit of our interference.

Appellant, on his examination, and at the jury trial, testified that he had carried on no private business, and admitted that he kept no cash book,—no books whatever—and this is a sufficient ground for refusing him a discharge. Appellant's counsel claims in his argument that he was not then doing business on his own account, and therefore, not being a merchant or trader, that he is not amenable to the statute interdiction. To this it is sufficient to say that the finding is otherwise.

Nor do we think the case one of an accidental failure to make proper entries, which courts have not considered fatal to a discharge. Appellant's counsel contends that there must be a finding that the commissions and omissions, charged against the insolvent, were perpetrated by him "for the purpose of defrauding creditors," before he can be convicted of any wrong which will prevent his discharge under section forty-six of chapter seventy, revised statutes. That phrase in that section applies to matters different from these. If an insolvent swears falsely in material matters, the presumption is conclusive that the intent is to defraud. Nor does it make any difference what the motive may be in not keeping books — books must be kept — the requirement is absolute.

A failure to keep a cash book or other proper books of account at any time "since March 23, 1878," is within the statute. "Since" means any time after the passage of the act, though the neglect may not cover the whole period. *In Re Rosenfield*, 1 Bank. Reg. 575.

*Motion overruled.*

WALTON, VIRGIN, LIBBEY and EMERY, JJ., concurred.

HASKELL, J., having been of counsel, did not sit.