N. D. KISTLER, *Administrator of the estate of Henrietta Ernst, deceased,* v. JOHN ERNST.

### No. 11095.

HUSBAND · AND WIFE—*Right of Inheritance not Affected by Antenuptial Contract.* A woman entered into a written antenuptial contract with her intended husband, wherein it was stipulated that she should have, hold and keep all the real and personal property she then had or might acquire as her sole and exclusive property, for her separate use and benefit, free from all claims, rights and interests of her intended husband, with the right on her part to dispose of the same by gift, sale, devise or will to such persons as she might desire, her intended husband consenting to such disposition in all respects as if the same should be by will devised after the marriage and his consent indorsed in writing thereon. There was no issue of the marriage. *Held*, that on the death of the wife intestate, the husband inherited the separate property owned by her at that time.

Error from Atchison district court; HENRY L. ALDEN, judge. Opinion filed February 11, 1899. Affirmed.

*W. F. Guthrie*, for plaintiff in error.

*H. C. Solomon*, for defendant in error.

The opinion of the court was delivered by

SMITH, J. : The admitted facts in this case are as follows : On July 16, 1891, John Ernst, a widower, and Henrietta Juencke, a widow, both of Atchison county, entered into an antenuptial agreement in writing, and immediately thereafter were married to each other. At that time Ernst owned more than 500 acres of land in Atchison county and considerable personal property. Mrs. Juencke owned a half interest in forty acres of well-improved farm land near Atchison, which she at the time supposed she owned absolutely, and a large amount of personal property. Mr. Ernst had a number of children by a former marriage living near and with him ; and Mrs. Ernst a sister, toward whom she was very affectionately disposed. The parties to the antenuptial agreement had no children by their marriage. Mrs. Ernst died on August 14, 1896, leaving Mr. Ernst her sole heir unless he is excluded by the terms of the antenuptial agreement.

Mrs. Ernst's estate at the time of her death was in the hands of a guardian, appointed because of her insanity, occurring subsequent to the marriage, and was by such guardian turned over to the plaintiff in error, Kistler, as administrator of her estate. The debts of the estate were substantially all liquidated at the time these proceedings were commenced, the net assets in the hands of the administrator being about $4000. Mr. Ernst, as primarily sole heir, claiming not to be barred by the antenuptial agreement, applied to the probate court for an order on the administrator to turn over the funds to him as sole distributee, tendering a bond with sufficient sureties, as provided by the statute. The probate court held that he was barred

of any interest in the estate by the antenuptial agreement, and denied his application. He appealed. The application was tried *de novo* in the district court, and judgment rendered in favor of Ernst, ordering the administrator to turn over to him the estate upon the giving of a bond.

The agreement between the parties was as follows :

"This agreement, made and entered into this 16th day of July, A. D. 1891, by and between John Ernst and Henrietta Juencke, both of Atchison county, Kansas,

"WITNESSETH, that whereas, said parties have respectively promised and agreed to marry each other, now, in consideration of said promise to marry each the other, said parties do make and enter into the following antenuptial agreement, that is to say, it is mutually agreed that said John Ernst shall have, hold, keep and retain all of the property which he now has or may hereafter acquire, whether real, personal, or mixed, and wherever situate, as his sole, exclusive and absolute property, free from all claims, rights and interest of his said intended wife, with the right on his part to, by gift, sale, will, or devise, dispose of the same in such manner and to such persons as he may desire, the said Henrietta Juencke hereby consenting to such disposition of all such property as fully in all respects as if the same should be by will devised by said John Ernst after such marriage and the consent of said Henrietta, then being his wife, indorsed in writing thereon ; and that said Henrietta Juencke shall have, hold, keep and retain all of the property which she now has or may hereafter acquire, whether real, personal, or mixed, and wheresoever situate, as her sole, exclusive and absolute property, for her separate use and benefit, free from all claims, rights and interest of her said intended husband, John Ernst, with the right on the part of the said Henrietta to, by gift, sale, devise, or will, dispose of the same to such persons as she may desire, the said John Ernst hereby consenting to such disposition of all such property in

all respects as if the same should be by will devised by said Henrietta after such marriage and the consent of said John Ernst indorsed in writing thereon."

The question here involves the construction and legal effect of this agreement. By the plaintiff in error it is contended that the writing was intended to control and dispose of all property rights of both parties to it and to extinguish all the statutory rights which either would have in the property of the other in consequence of the marriage, and substitute for any rights of either in the property of the other the exclusive enjoyment, control and devolution by inheritance of his or her own individual property. It is also claimed that the contract did no more for the parties regarding the control, enjoyment and ownership of the separate property of each than the law would do had no agreement been made. Hence, not modifying the property rights of either party during life, in order to give effect to the terms of the instrument, it must be held that the intention of the parties was to change the rule of descent fixed by law.

The contract seems to have followed the law and conferred no greater rights on either party than were vouchsafed by the statute, with these limitations: Any conveyance, gift or sale of the property of one during coverture could not be challenged as being in fraud of the rights of the other. The antenuptial agreement worked an estoppel on both parties and silenced all complaint of one against alienation by the other, fraudulent or otherwise. It also gave to each the right to convey his or her real estate by separate deed and pass a merchantable title. It gave the power to bequeath and devise all the property of each by separate will. Thus the contract performed some service in respect to the property of both parties dur-

ing coverture, and its terms, to the extent stated, modified and changed rights secured by the statute. The wife, Henrietta, reserved the "right, by gift, sale, devise, or will, to dispose of the same [.her property owned at the time of marriage or acquired afterwards] to such persons as she may desire, the said John Ernst. hereby consenting to such disposition of all such property in all respects as if the same should be by will devised by said Henrietta after such marriage and the consent of said John Ernst indorsed in writing thereon."

There is no express agreement in the contract which excludes the husband from a right of inheritance on the death of the wife. She had the right to devise her property to whom she pleased, and the consent of her husband was given in advance. Under the position taken by plaintiff in error, a devise by will to the husband was necessary on the part of the wife, should she have desired that he take her property at her death. The law obviated all necessity for a will in such case, as we construe the contract. There is nothing in the contract that convinces us that Ernst, by the agreement, surrendered or released his right of inheritance as the survivor of his wife. In the case of *Stewart v. Stewart*, 7 Johns. Ch. 229, in commenting on the construction to be given to an antenuptial contract, it was said by Chancellor Kent:

"I believe it has been the invariable practice, and that the uniform course of the precedents will show it, that when it is intended in a marriage settlement to exclude the right of the husband to her personal property, in the event of his surviving her, and in default of her appointment, an express provision to that effect is inserted in the deed." (*Bailey v. Wright*, 18 Ves. 49; *Donnington v. Mitchell*, 1 Green's Ch. [N. J.] 243; *Brown v. Alden*, 14 B. Mon. 141.)

The counsel for plaintiff in error, by a refinement of reasoning, seeks to read into the agreement provisions founded on implications and probabilities as to the intention of the parties, which cannot be justified under the language of the instrument. The wife had the right of disposition, which she did not see fit to exercise. This failure to make disposition might have been induced by the affection she bore for her husband, knowing that upon her death the law would place her property in his hands as effectually as if a formal will had been made.

We think the trial court placed a proper construction on the contract, and the judgment will be affirmed.