MARY KATE CASEY, *Appellant,* V. CHARLOTTE CASEY
*et al., Appellees.*

No. 16,953.

### SYLLABUS BY THE COURT.

ANTENUPTIAL CONTRACT—*Descents and Distributions.* An ante-
nuptial contract provided that the intended husband, "Denis
Casey, his heirs and assigns, shall during the continuance of
said marriage . . . and after separation of said parties
by death or otherwise, and forever, separately hold, own, use,
possess, convey and dispose of all the property . . . now
belonging to said Denis Casey." A similar clause was in-
serted concerning the property of the intended wife. It is
*held,* that upon the death of the husband the widow was
barred from an inheritance in his land.

Appeal from Brown district court. Opinion filed
March 11, 1911. Reversed.

*Mytton & Parkinson,* and *Means & Archer,* for the
appellant.

*C. F. Reavis,* and *Sample F. Newlon,* for the ap-
pellees.

The opinion of the court was delivered by

BENSON, J.: This is an action for partition. The
question to be decided is whether a surviving wife was
barred of an inheritance in her husband's estate by an
antenuptial contract which, after introductory recitals,
contains the following provisions:

"That the said Denis Casey and Charlotte Casey, and
each of them, being fully advised and with full knowl-
edge of what their right under the law of the state of
Kansas would be in and to the property of the other
if married without an agreement made with reference
to said property before said marriage, and for the pur-
pose of settling all questions as to the right of each
or either of said parties in and to their said prop-
erty and the property of each of them during the con-
tinuance of said marriage and after separation by

death or otherwise—as we the said parties deem just and equitable between ourselves, our heirs, executors, administrators, and assigns, and for the purpose of preventing contention between any and all persons now interested in said property—or hereafter to be interested in the same, and in view of said marriage and for and in consideration of the promises, covenants and agreements herein contained, the said Denis Casey and Charlotte Casey, and each of them, for themselves, their heirs, executors, administrators and assigns, do hereby promise, covenant and agree, and consent to and with each other, that the said Charlotte Casey may and shall, during the continuance of said marriage so agreed upon by and between said parties as aforesaid and after separation by death or otherwise, separately use, possess, convey and dispose of all property of every kind, both real and personal, belonging to her before said marriage, and all the rents, issue and profits thereof, to whomsoever she may choose and in the same manner and to the same extent that she now can or then could have done, had such marriage not taken place.    That the said Denis Casey, his heirs and assigns, shall during the continuance of said marriage so agreed upon by and between said parties and after separation of said parties by death or otherwise, and forever, separately hold, own, use, possess, convey and dispose of all the property and estate, both personal and real, now belonging to said Denis Casey, and all the rents, issues, and profits of said property to whomsoever the said Denis Casey, his heirs and assigns may choose, and in the same manner and to the same extent that he or they could have done had such marriage not taken place.    And it is hereby mutually and expressly agreed, understood and consented to by and between said parties, and by each of them, for themselves, their heirs, executors, administrators, and assigns, that the said Charlotte Casey and Denis Casey, and each of them, may and shall have the perfect right to convey by will during the continuance of said marriage and after separation by death or otherwise all property belonging to them or either of them.  .  .  .  And that each shall have full power, authority and control over his or her own property the same as if the marriage had not taken place."

—

Denis Casey died in 1908, seized of the land in controversy, leaving his widow, Charlotte Casey, Mary Kate Casey (a daughter by a previous marriage), and Ernest Casey and Ida Casey (now Ida Schuetz), his children by Charlotte Casey, as his heirs at law. Mary Kate Casey, the plaintiff, alleged that Charlotte Casey was barred from any interest in the land by the antenuptial contract, and prayed for partition in equal shares between herself, Ernest Casey and Ida Schuetz. Charlotte Casey claimed a widow's share, one-half, under the statute of descents and distributions. The court upheld the widow's claim. The plaintiff appeals.

The appellant's only contention is that the provisions of the contract bar the widow from any interest in the land. That the contract was equitable is not questioned by either party. Our only duty is to construe it. Agreements of this nature are generally regarded with favor and are liberally interpreted to carry into effect the intention of the parties. (*Hafer v. Hafer,* 33 Kan. 449.) The contract provides that "Denis Casey, his heirs and assigns, shall during the continuance of said marriage . . . and after separation of said parties by death or otherwise, and forever, separately hold, own, use, possess, convey and dispose of all the property . . . now belonging to said Denis Casey." The same stipulation is made concerning the property of Charlotte Casey, only the words "her heirs and assigns" are omitted. Construing these stipulations with the general clause following, wherein the phrase "and after separation by death or otherwise" is repeated and applied to the property of both, and with the concluding clause, and the other parts of the instrument, it is clear that the parties intended an absolute segregation of their property rights, forever, giving complete dominion over the property of each to each owner respectively, while living, with full power of disposition without the consent of the other, and that after death the heirs of each, excluding the surviv-

Casey v. Casey.

ing spouse, should succeed to the same right.  The language of the instrument concerning the husband's property is explicit in giving his heirs such right; and from the whole instrument it is fairly deducible that the heirs of the wife are to have the same right.  However, that question does not arise in this case.

It is suggested that the language of the instrument is taken from the agreement construed in *Hafer v. Hafer*, supra, excepting only the following clause in the Hafer contract (and a similar clause relating to the property of the other party) :

"And that at the death of said Virginia Bowser all property separately owned by her, both real and personal, shall pass and vest in her heirs and assigns in the same manner and to the same extent that it would had such marriage not taken place."    (33 Kan. 451.)

These clauses do not appear in the Casey contract, and it is insisted that the omission is significant of an intention to leave all rights of inheritance unaffected by the agreement.

In *Kistler v. Ernst*, 60 Kan. 243, and *Rouse v. Rouse*, 76 Kan. 311, the antenuptial contracts construed in the opinions were held not to bar the inheritance of the surviving party in the property of the other.  In the Kistler case the contract provided that the intended wife should have, keep and retain all her property as her sole, absolute and exclusive property, free from all claims and interest of her intended husband, with the right by gift, sale, devise or will to dispose of the same, but there was no clause providing that this right should be vested in her heirs or continue beyond her lifetime, except by operation of her will.  The court said:

"There is nothing in the contract that convinces us that Ernst, by the agreement, surrendered or released his right of inheritance as the survivor of his wife."  (60 Kan. 247.)

In the Rouse case there was a further provision in the agreement which required careful consideration,

but upon the whole instrument it was held, following the Kistler case, that the widow was not barred of her inheritance. In the opinion it was said:

"While we are not prepared to say that an express provision must always appear in order to deprive the survivor of the rights of inheritance, there are authorities which go to that extent." (76 Kan. 318.)

It is true that in the Hafer agreement there was an express provision, in addition to the terms used in the agreement in this case, that the lands of the intended wife should at her death vest in her heirs as though the marriage had not taken place; but there is no intimation in the opinion that the instrument would have been construed differently if that clause had been omitted. The terms of this agreement are so explicit that they can not be disregarded. The provision quoted above, that Denis Casey, his heirs and assigns, shall during the continuance of the marriage and after separation by death or otherwise, and forever, separately hold, convey and dispose of the property now belonging to him, in connection with the other terms of the instrument, gave to his heirs, after his death, the rights in his land which he enjoyed while living. Charlotte Casey was therefore barred by the agreement from taking any interest under the statute in the land owned by him at the time of his death and included in the agreement.

The judgment is reversed, with direction to proceed in the action in accordance with these views.