No. 23,676.

CAROLINE MARTY, *Appellee,* v. J. C. MARTY et al., *Appellants.*

### SYLLABUS BY THE COURT.

POSTNUPTIAL AGREEMENT—*Husband and Wife—Descents and Distributions— Will.* An agreement was made between a husband and wife shortly after marriage in these words:

"The undersigned, Jacob J. Marti and Caroline Marti, his wife, both of Grantfork, Madison Co., Illinois, hereby mutually agree that the property both real and personal owned at the present time by each of us, remain intact for the benefit of each one children. That neither party desires to disturb the property rights as existing at the present time."

Subsequently the husband made a will devising all of his property to his children. After his death the widow claimed a share of the property and elected to take under the statute of descents and distributions. *Held,* that under the agreement each party relinquished the right of inheritance in the property of the other.

Appeal from Comanche district court; LITTLETON M. DAY, judge. Opinion filed April 8, 1922. Reversed.

*Jay T. Botts,* and *W. J. Masemore,* both of Coldwater, for the appellants.
*James A. Troutman,* of Topeka, and *C. E. Baker,* of Coldwater, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This case involves the right of inheritance of a widow in the estate of her deceased husband who prior to his death executed a will giving all of his property to his children by a former marriage. The marriage occurred in Illinois, January 22, 1902. At that time the parties were about sixty-six years old, each of them had been married before and each had living children by former marriages, and each before and at the time of the marriage was the owner of real estate and personal property.

On the part of the defendants it is contended that the widow was barred from a share in the estate by the following postnuptial contract, which was executed about ten days after the marriage.

"The undersigned, Jacob J. Marti and Caroline Marti, his wife, both of Grantfork, Madison Co., Illinois, hereby mutually agree that the property both real and personal owned at the present time by each of us, remain intact for the benefit of each one children. That neither party desires to disturb the property rights as existing at the present time."

On May 10, 1915, Jacob J. Marty made a will devising all his property to his children by his former marriage and giving nothing to his wife, Caroline Marty. The will was made in Comanche county, Kansas, where he afterwards died, leaving an estate consisting of money and notes. Mrs. Marty did not sign or consent to the will but elected to take under the law of descents and distributions. After the contract was made he did not accumulate any additional property and his estate decreased rather than increased. The trial court held that the contract did not deprive the widow of her right of inheritance from her husband's estate. The defendants appeal, and contend that the contract should be interpreted as providing for an actual disposition of the property and that it means that each surrendered his or her right of inheritance in the property of the other. Plaintiff contends that the agreement contains no word of conveyance, no reference to survivorship and means no more than that the property was to be kept intact, not wasted or squandered, the income or benefits arising from it to be for the benefit of each one's children; that this keeping of it intact referred to the control of the property during coverture; that neither of them was to disturb property rights as existing at the present time, but that nothing in it related to the right of the survivor to take by inheritance.

There is no question that the husband and wife were competent to contract with each other as to the rights of inheritance of each, and while a postnuptial contract cannot be founded on the consideration of marriage, a contract fairly made between them after marriage in which one transfers individual property rights to the other, or where each surrenders rights of inheritance to the other, is based on a sufficient consideration. Here each of the parties owned property in his or her own right, and the mutual stipulations as to control of the property of each and the surrender of survivorship rights afford a consideration, and the contract will be upheld if it evinces a clear purpose to exclude the rights of the survivor to take by inheritance. The agreement involved here is informal and evidently was drawn by one unskilled in the use of language, but if from the language used it clearly discloses that the parties intended that each should relinquish rights of inheritance in the property owned by the surviving spouse, that intention should be given effect if it can be done consistently with legal principles. Agreements of this character are to be liberally interpreted with a view of carrying

out the manifest intention of those who executed them, however artless and informal that intention may be expressed. As an aid to interpretation we can look not only to the language in the agreement but to the surrounding circumstances at the time it was executed. As we have seen, each of the parties had been married before, each had living children about whom they were concerned, and each was the owner of real and personal property about the control and disposition of which they were contracting. It is the view of the court that when they stipulated that the property of each should remain intact they meant that the ownership should not be affected by the marriage relation, and when they further provided that it should remain in each for the benefit of the children of each one they intended that it should pass to the children of each spouse without regard to the marital statutory rights of the other. As the court reads the agreement they were endeavoring to provide for the ultimate disposition of their individual property, and although unskillfully expressed their intention was that the property of each should finally go to his or her own children free from the rights of the survivor to take by inheritance under the law. Much reliance is placed on the holding in *Kistler v. Ernst,* 60 Kan. 243, 56 Pac. 18, where the contract provided that the prospective wife should hold and care for her own property which she owned or might acquire as her exclusive property free from all claims, rights and interests of her intended husband and might dispose of the same to such persons as she might desire, and it was held that upon her death the husband was not excluded from the right of inheritance. There, however, no provision was made as here that the property of each should go to the children of each party and there no will was made by the deceased spouse as has been done in this instance. Because of the different circumstances of the two cases it is the view of the court that that ruling is not applicable or controlling here. For like reasons *Rouse v. Rouse,* 76 Kan. 311, 91 Pac. 45, relied on by plaintiff, is held not to be contrary to the interpretation which has been placed on the agreement. It follows that the judgment must be reversed and the cause remanded with directions to enter judgment for the defendants.

JOHNSTON, C. J. (dissenting): In my view the written agreement, giving it the most liberal interpretation that is permissible, does not bar the plaintiff from her right of inheritance under the

statute. It does not mention survivorship or the right of one to inherit from the other in case of death. The agreement, which contained only two sentences, related only to present and existing rights. The first sentence states in effect that each is to keep his or her own property for the benefit of the children of each party. This stipulation amounted to no more than that the use or earnings of the property owned by each was to be devoted to the benefit of the children of each. The second and only remaining sentence in the agreement is explanatory of the first and of their purpose in making the agreement, and that was "that neither party desires to disturb the property rights as existing at the present time." Apparently nothing more than control of the property during marriage was within the contemplation of the parties. What should become of the property when death intervened was evidently not a matter of contract. The right of inheritance is an important and stable one and a wife should not be deprived of that right unless an agreement has been made which clearly shows an intention on her part to relinquish that right. She should not be divested of the right on a doubtful interpretation. That was the holding of this court in *Rouse v. Rouse*, 76 Kan. 311, 91 Pac. 45, where it was said:

"We have frequently held that agreements of this character should be liberally construed to carry into effect the intention and purpose of the parties; nevertheless, their terms are not to be extended by mere implication to exclude the right of the survivor to take by inheritance. The reasons are manifest. If such be the intent of the parties, it can be readily expressed in appropriate language or in words from which the intention is necessarily implied." (p. 317.)

The trial court in making its decision evidently followed this authority and *Kistler v. Ernst*, 60 Kan. 243, 56 Pac. 18, and in my opinion these authorities support its ruling and require an affirmance of the judgment.

MARSHALL, J., joins in the dissent.