## Smith's Administrator et al. v. Price et al.

(Decided Feb. 16, 1934.)

J. H. GRAHAM and VERNON SHUFFETT for appellants.

MILBY & HENDERSON for appellees.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—
Reversing.

Sallie F. Smith died on August 29, 1931, and this action was brought by D. R. Dewitt, as administrator with the will annexed, for the settlement of the estate. Her husband, D. L. Smith, died on September 19, 1931, and W. B. Smith, as his executor, filed his answer, asserting a claim to one-half of the surplus of the estate of Sallie F. Smith. As a defense to this claim, the plaintiff pleaded these facts:

On August 9, 1928, D. L. Smith and his wife, Sallie F. Smith, entered into a verbal contract by the terms of which it was agreed between them that each would make a will and dispose of their property as they desired to do, that he would not will his wife any of his property, and she would not will her husband any of her property, but that each of them would will their respective property to their own people, and that they each would stand by said will. At the time of making this contract, D. L. Smith was eighty-seven years old, and his wife was younger. Neither of them owned any real estate. D. L. Smith was at the time owner of personal estate of the value of $4,500. Sallie F. Smith was the owner of personal estate of the value of $3,000; they had no children, but he had several children by a former marriage. In pursuance of the verbal contract with his wife, he willed all his property to his children and his grandchildren; she, in pursuance to the verbal contract with her husband, willed all her property to her brothers and

sisters. These wills were made pursuant to the verbal contract. He did not will his wife any of his property; she did not will her husband any of her property. Each of the wills was written on the same day, to wit, August 9, 1928, at the same place and by the same person, and were witnessed by the same witnesses. They were both duly probated later. The husband at no time elected to assert his rights under the statute to any part of the wife's estate, or make any claim to it. The court sustained the demurrer of the husband's executor to the reply, pleading the above facts, and entered judgment in favor of the husband's executor for one-half of the wife's estate. The plaintiff appeals.

Section 2132, Kentucky Statutes, provides:

"After the death of either the husband or wife * * * the survivor shall have an absolute estate in one-half of the surplus personalty left by such decedent."

The estate of each of the parties being personalty, a written contract was not required. The consideration of her release of all interest in his estate was his release of all interest in her estate and that each might devise their estate to their own people. There was therefore a sufficient consideration to support the contract. In a note to Keller v. Keller (121 Kan. 520, 247 P. 433), 49 A. L. R. 116, the rule is thus stated:

"In many jurisdictions, since the passage of statutes enlarging the rights and powers of married women, a post-nuptial release by a wife to her husband of an interest in her husband's property on his death is held to be valid, if it is fair and equitable, and supported by an adequate consideration."

Many decisions in the various courts of the country are collected in the note and fully sustain this statement of the law. To the same effect see notes, 20 A. L. R. 1272, and 33 A. L. R. 733; Emery v. Wheeler, 129 Me. 428, 152 A. 624; Smith v. Thompson, 250 Mich. 302, 230 N. W. 156, 73 A. L. R. 1389, and cases cited. This is the weight of authority under statutes such as ours enlarging the powers of married women, and empowering them to make contracts "as a single woman." Kentucky Statutes, sec. 2128.

While the exact question presented here was not presented there, the reasoning of the court follows the

same line in Redwine's Ex'r v. Redwine, 160 Ky. 282, 169 S. W. 864, Ann. Cas. 1917A, 58; Morgan v. Sparks, 108 S. W. 233, 32 Ky. Law Rep. 1196; Wright v. Wright, 215 Ky. 394, 285 S. W. 188.

The court erred in sustaining the demurrer to the reply. The demurrer should have been overruled, and the defendant on the return of the case will be allowed to file a rejoinder if he desires to do so.

Judgment reversed, and cause remanded, with directions to overrule the demurrer to the reply and for further proceedings consistent herewith.