## Jones' Adm'r et al. v. Jones' Adm'r et al.

Oct. 10, 1939.

38

John G. Ryan for appellants.
Joe Lancaster for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Reversing.

J. H. Jones died in 1937 survived by his wife, Sallie Paschall Jones. The latter was duly appointed and qualified as administratrix of the estate of her husband but died in 1938 before the administration was completed. Otry Paschall was appointed as administrator of Sallie Paschall Jones, and W. R. Jones was appointed administrator de bonis non of J. H. Jones.

Otry Paschall as administrator brought this action against W. R. Jones as such administrator and individually alleging that the estate of J. H. Jones consisted entirely of personalty, $750 of which had been set apart to the widow by the appraisers of the estate of J. H. Jones under Section 1403, Kentucky Statutes, but that she did not receive such sum prior to her death and the administrator de bonis non of J. H. Jones had taken charge of all the assets of the estate; that after payment of the debts of the estate of J. H. Jones and costs of administration there would not be more than enough remaining to satisfy the sum of $750 exempt to the widow under the statute.

He asked for judgment for that sum and for an attorney fee. The administrator de bonis non and the heirs at law of J. H. Jones, all of whom are adults, by answer controverted the allegations of the petition and in a second paragraph alleged that in contemplation of marriage, J. H. Jones and Sallie Paschall entered into

an antenuptial contract whereby each promised and agreed that the survivor would make no claim whatever to any ownership, interest in or right to the personal property of the other upon the death of such other, but same would become the absolute and unconditional property of the heirs or devisees of such other.

A demurrer was interposed to the answer and to each paragraph thereof, but before the demurrer was passed upon, an amended answer was filed in which it was alleged that J. H. Jones and Sallie Paschall Jones after their marriage entered into a contract which was a reaffirmance of the antenuptial contract and which was in the same terms and to the same effect as the antenuptial contract; that the contracts were not in writing and no memorandum thereof had been found. The court sustained the demurrer to the second paragraph of the answer as amended, and the defendants declining to further plead, adjudged that such paragraph of the answer be dismissed and the defendants are appealing.

It is the contention of appellees that the alleged contracts were void and no action could be maintained thereon under our Statute of Frauds, Kentucky Statutes, Section 470. So much of the section relied on as is pertinent reads:

"No action shall be brought to charge any person— * * * Upon any agreement made in consideration of marriage, except mutual promises to marry; * * * or some memorandum or note thereof, be in writing, and signed by the party to be charged therewith, * * *."

Apparently the chancellor adopted appellees' view which is in strict conformity with all decisions of this court in interpreting and giving effect to the quoted provision of the statute with respect to antenuptial contracts.

This court has consistently held that a parol antenuptial contract whereby each of the contracting parties renounces interest in the other's estate as survivor and retains control of his or her separate estates is void and cannot be enforced under the quoted provisions of the statute. See Glazebrook v. Glazebrook's Ex'r, 227 Ky. 628, 13 S. W. (2d) 776; Stevens v. Niblack's Adm'r, 256 Ky. 255, 75 S. W. (2d) 770, and cases cited in those opinions. Counsel for appellants recognize these cases but

40

assert that they are out of line with the weight of authority and should not be followed.

Regardless of what may be the rule in other jurisdictions, the rule adopted by this court as indicated in the authorities cited has been definitely settled and in our opinion is in harmony with both the letter and spirit of the statute and should not be disturbed. However, this court has held that postnuptial contracts whereby the husband and wife each contract to release all interest in the other's personal estate on the other's death and that each might bequeath his or her estate to his or her own people are valid although not in writing. See Smith's Adm'r v. Price et al., 252 Ky. 806, 68 S. W. (2d) 422.

For the purposes of demurrer the allegations of the second paragraph of the amended answer that J. H. Jones and wife entered into the alleged postnuptial contract must be taken as true, and following the rule in Smith's Adm'r v. Price, supra, we are constrained to hold that that portion of the answer, as amended, cannot be reached by demurrer. On a return of the case each party may further plead if they so desire.

Judgment reversed and cause remanded for proceedings consistent with this opinion.