Peter Peterson, Appellant, v. Emanuel Mayer, Appellee.

Gen. No. 5,027.

1. PRACTICE—*what not part of record without incorporation in bill of exceptions.* A bill of particulars is not a part of the record unless incorporated in a bill of exceptions.

2. MECHANIC'S LIENS—*section 13 of Act 1903 construed.* Section 13 of the Mechanic's Lien Act in force July 1, 1903, applies only to actions where an answer has been filed and the evidence has been heard.

3. MECHANIC'S LIENS—*what law governs.* The law in force at the time of the making of the contract governs the rights of the parties, but the law in force at the time of the proceeding to enforce such contract, controls the remedy and the procedure with respect thereto.

4. MECHANIC'S LIENS—*when decree not bar to action at law upon same cause of action.* A decree in a mechanic's lien proceeding is not a bar to an action at law for the contract price provided for in the contract involved in the lien proceeding, where such lien proceeding was not adjudicated upon the merits.

Assumpsit. Appeal from the County Court of Rock Island county; the Hon. R. W. OLMSTEAD, Judge, presiding. Heard in this court at the April term, 1908. Reversed and remanded. Opinion filed August 10, 1908.

Statement by the Court. This is an action in assumpsit begun by appellant against the appellee in the County Court of Rock Island county. The declaration contains the common counts only and alleges the date of the cause of action under a *videlicet* as June 30, 1903. The defendant filed a plea of the general issue and also a special plea of former adjudication. The special plea avers that the plaintiff heretofore, to-wit, at the January term, 1904, of the Circuit Court of Rock Island county filed a bill for a mechanic's lien against the defendant for the same cause of action in the said declaration above mentioned; that the matters in issue in this case are the same and not in any respects different from the matters in issue in the former suit;

whereupon the said defendant, to-wit, at the said term "filed his demurrer which was sustained; whereupon the plaintiff filed his amended bill for the same cause of action in the said declaration mentioned and the matters in issue in this case are the same and not in any respect different from the matters in issue in said amended bill; whereupon the said defendant afterwards, to-wit, at the said term filed his demurrer to said amended bill, assigning special causes of demurrer, and thereupon, to-wit, on the 31st day of March, 1904, at the said term of the said Circuit Court, the said demurrer was sustained and a decree entered therein dismissing the amended bill of said plaintiff for want of equity, with costs to the defendant to be taxed   *   *   *   which decree remains in full force and effect not in the least reversed or made void," and this the defendant is ready to verify by the record, wherefore he prays judgment, etc.

To the special plea a demurrer was filed. The court overruled the demurrer. The plaintiff elected to abide by his demurrer. The following order was thereupon made: "It is therefore considered and ordered by the court that said defendant do have and recover of and from said plaintiff the costs of this suit herein expended and that execution issue therefor. And the said plaintiff appeals from the judgment of this court."

J. B. and J. L. OAKLEAF and SEARLE & MARSHALL, for appellant.

W. R. MOORE, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

The record does not show that any judgment was rendered in bar of the action but both parties have treated it as a final judgment and the case will be considered on the merits of the pleadings.

There is incorporated in the record a bill of particulars filed subsequent to the filing of the declaration.

The bill of particulars is no part of the declaration and not properly a part of the record when not incorporated therein by a bill of exceptions.

The special plea of former adjudication sets forth that the demurrer in the lien proceedings was a special demurrer and does not allege that the former judgment was on the merits. The appellee contends that the plea sets up a legal bar to the action under section 13 of chapter 82 of the statute (Mechanic's Lien, Statute in force July 1, 1903), which provides: "Defendant shall answer the bill.   *   *   *   The owner shall be entitled to make any defense against the contractor by way of set off, recoupment or counter claim that he could in any action at law, and shall be entitled to the same right of recovery on proof of such in excess of the claim of the contractor against the contractor only but for matters not growing out of the contract such recovery shall be without prejudice to the rights of the sub-contractors thereunder for payment out of the contract price or fund; and in the event that the court shall find, in any proceedings in chancery, that no right to a lien exists the contractor shall be entitled to recover against the owner as at law and the court shall render judgment as at law for the amount which the contractor is entitled to, together with the costs in the discretion of the court.   *   *   *,"

It is insisted by appellant that the lien law in force prior to July, 1903, governs the rights of the parties to this suit, and that the section quoted has no bearing on this case. So far as the rights of the parties to a lien are concerned that is a correct statement. The legislature however had a right to change the remedy so long as it did not interfere with contract rights. A change of remedy or of the course of procedure does not change the rights of the parties. The legal procedure must be pursuant to the law of procedure in force existing at the time the suit is prosecuted. "There can be no vested right in any particular remedy or in

any special manner of enforcing it." Woods v. Soucy, 166 Ill. 407; 6 Am. & Eng. Ency. of Law 947 (2nd ed.).

This statute from its language would only appear to apply to suits where an answer had been filed and the evidence heard. If the facts averred in the bill show there was no remedy in equity, then it was the constitutional right of each party to have the controversy tried by a jury. If the statute is given the construction that the provision for a recovery as at law only applies after answer and trial, then the construction we have given it might render it constitutional, and it is the duty of this court to give it such construction as would hold it constitutional. Havens & Geddes Co. v. Diamond, 93 Ill. App. 557; Endlich on Interpretation of Statutes, 178. The court could not find that the contractor was entitled to recover without hearing the evidence. The plea avers that it was a special demurrer upon which the judgment was rendered in the chancery case, dismissing that suit for want of equity. A judgment for the defendant upon sustaining a general demurrer to a bill in equity is not a bar to a subsequent suit at law, where the ground for sustaining the demurrer is that complainant has mistaken his remedy, which was at law. Farmer's & Mechanic's Life Assn. v. Caine, 224 Ill. 599. The plea should either aver that the adjudication in the chancery case was on the merits, or better pleading would be to aver such facts that it can be seen such was the fact. The judgment is reversed, with directions to sustain the demurrer.

*Reversed and remanded.*