SAMUELS & SAMUELS, for defendant in error.

MR. JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

APPEAL AND ERROR, § 1301*— *when presumed trial court heard evidence to support judgment.* Where in an attachment suit the record shows that the trial court heard evidence and found against the defendant both as to the attachment and the merits of the action, but entered judgment on the main issues only the reviewing court will, in the absence of a bill of exceptions, presume that the trial court heard sufficient evidence to support the judgment, and it is immaterial whether any judgment was entered on the attachment issue.

### Howard Carlson by C. G. Carlson, Defendant in Error, v. Simeon Swenson, Plaintiff in Error.

#### Gen. No. 21,086.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HARRY OLSON, Judge, presiding.   Heard in the Branch Appellate Court at the March term, 1915.   Affirmed.   Opinion filed January 11, 1916.

### Statement of the Case.

Action by Howard Carlson, a minor, by C. G. Carlson, his next friend, plaintiff, against Simeon Swenson, defendant, to recover for personal injuries sustained by the plaintiff by having fall on him a radiator placed in the lobby of the defendant's theater. From a judgment for the plaintiff, the defendant brings error.

ALBERT O. OLSON, for plaintiff in error; JAMES J. LEAHY, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

JOHN E. ANDERSON, for defendant in error; GEORGE
B. COHEN, of counsel.

MR. JUSTICE BARNES delivered the opinion of the
court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 538*—*when error in refusing motion to
direct verdict not preserved for review.* Where on the court's re-
fusal of the defendant's motion for a directed verdict made at the
close of the plaintiff's case, the defendant introduces proof and
fails to renew his motion at the close of all the evidence, the point
that such refusal was erroneous is not preserved for review.

2. APPEAL AND ERROR, § 800*—*when motion for new trial and rul-
ing thereon need not appear in bill of exceptions as basis for re-
view.* Since the Amendment of 1911 to section 81 of the Practice
Act (J. & A. ¶ 8618) dispensing with the necessity of incorporating
formal exceptions in the record, it seems that the former rule of
practice, requiring that to preserve for review the refusal of a new
trial the motion therefor and ruling thereon must appear in the
bill of exceptions, no longer applies where the transcript of the
record contains a specific order of the court overruling and denying
the motion as such order presumably would not have been entered
had the motion not been made, and as it need not have been in
writing nor an exception to the ruling preserved, the reason for
the rule has failed.

3. THEATERS AND SHOWS, § 4*—*when evidence sufficient to sus-
tain verdict for damages for personal injuries.* A verdict for the
plaintiff for personal injuries is not manifestly against the weight
of evidence where the evidence tends to show that defendant con-
ducted a theater on his premises, in the lobby of which were pic-
tures and advertisements hung for the public to come in and see,
and that in the wall of the lobby a radiator was so insecurely
fastened that without apparent negligence on the part of the
plaintiff, a minor, it fell out of its place upon him and injured
him while he was looking at the pictures, the circumstances being
such as to raise the inference of neglect on the part of defendant
to have the radiator so fastened that it would not fall over from
contact with it such as might be expected in a public place.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.