## Metropolitan Discount Company, Appellee, v. August Pitsch, Appellant.

### Gen. No. 6,436.   (Not to be reported in full.)

Appeal from the County Court of Peoria county; the Hon. CHESTER F. BARNETT, Judge, presiding. Heard in this court at the April term, 1917. Reversed and remanded. Opinion filed August 7, 1917.

### Statement of the Case.

Action by the Metropolitan Discount Company, a corporation, plaintiff, against August Pitsch, defendant, to recover $29.60 on each of three acceptances, negotiable instruments, in favor of the National Novelty Import Company and indorsed and assigned to plaintiff. From a judgment for plaintiff for $88.80, defendant appeals.

KIRK & SHURTLEFF, for appellant.

ALPHON L. ANDERSON, for appellee.

MR. PRESIDING JUSTICE CARNES delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 800*—*necessity of showing motion for new trial in bill of exceptions.* The sufficiency of evidence to support a verdict cannot be considered in the absence of a motion for a new trial shown in the abstract of the bill of exceptions or in the bill itself.

2. APPEAL AND ERROR, § 601*—*what unnecessary as basis for review of court's action on motion to direct a verdict.* The court's action on a motion to direct a verdict, which raises only a legal question whether there is any evidence tending to sustain the verdict, is reviewable, though no motion for a new trial was made.

3. BILLS AND NOTES, § 460*—*when negligence in signing accept-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*ances is question for jury.* Evidence as to whether defendant was guilty of negligence in signing certain acceptances without ascertaining their contents, *held* not so clear as to warrant the court in withdrawing that question from the jury.

4. CORPORATIONS, § 763*—*what is sufficient plea in bar to action by foreign corporation.* The defense set up in a plea to an action by a corporation based upon certain acceptances by defendant that plaintiff was one and the same as another corporation of a different name and that both were foreign corporations, and neither was licensed to do business in the State, and that plaintiff was engaged in peddling its goods in the State without being so licensed, *held*, on demurrer, properly pleaded in bar, under the Foreign Corporation Statute (J. & A. ¶ 2526 *et seq.*), of such action, seeking to recover for such goods sold by plaintiff to defendant.

5. CORPORATIONS, § 709*—*what constitutes doing business within State.* Peddling goods in the State by a foreign corporation constitutes "doing business" within the State within the meaning of the Foreign Corporation Statute (J. & A. ¶ 2526 *et seq.*).

6. PLEADING, § 26*—*when plea not duplicitous.* A plea setting up want of consideration for certain acceptances sued on and also that plaintiff was an unlicensed foreign corporation doing business within the State by peddling its goods therein and selling such goods to defendant for which such acceptances were given, *held* not bad for duplicity.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.