## Paulina Bross, Defendant in Error, v. Gordon A. Ramsay, Administrator, Plaintiff in Error.

## Gen. No. 25,100.

1. APPEAL AND ERROR, § 800*—*when sufficiency of evidence to support verdict cannot be considered.* The question of the sufficiency of evidence to support a verdict cannot be considered where no motion for a new trial appears in the bill of exceptions, which is the only place where such a motion can properly appear.

2. CONTRACTS, § 335*—*when recovery may be had on quantum meruit on failure to perform contract to make bequests.* In an action to recover for board and nursing rendered to a person who had promised to pay for the services by bequeathing the home in which he lived to the plaintiff, where it appeared that the deceased by a later will revoking a former will failed in his promise to the plaintiff, a contention that the plaintiff could not recover on a *quantum meruit,* there being an express contract as to the manner of payment, could not be sustained, as the failure of the deceased to keep his obligation to compensate the plaintiff through his will entitled the plaintiff in equity and justice to recovery on a *quantum meruit.*

3. APPEAL AND ERROR, § 801*—*when suggestion that evidence varies from bill of particulars is not properly before Appellate Court.* A suggestion that the evidence varies from the bill of particulars is not properly before the court on appeal when the bill of particulars is not preserved in the bill of exceptions, as it should be.

4. WITNESSES, § 41*—*when husband not incompetent to testify in action by wife.* In an action to recover payment for board and nursing rendered a person who agreed to compensate the plaintiff through his will, where the agreement contemplated that the compensation should be the exclusive property of the plaintiff, the husband of the plaintiff was not incompetent to testify as to the transaction, being within the exception of section 5 of the Statute as to Evidence and Depositions (J. & A. ¶ 5522).

5. CONTRACTS, § 377*—*when evidence of both wills made by deceased is admissible in action for failure to make bequest.* In an action to recover payment for board and nursing rendered a person who agreed to compensate the plaintiff through his will, where it appeared that the deceased made one will providing for the plain-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

tiff and in a subsequent will omitted to make such provision, evidence of both wills was properly admitted, as the first will tended to show that the services were not gratuitous, and were rendered under a promise of payment, and the second will tended to show that the promise had failed, leaving the plaintiff with the right to recover the reasonable value of the services.

Error to the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1919. Affirmed. Opinion filed January 12, 1920.

PEARSON & HERRICK, for plaintiff in error.

A. G. DICUS, for defendant in error.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

Plaintiff brought suit, filing a declaration consisting of the common counts and two special counts, by which she sought payment for board and nursing of Rudolph Hess, now deceased. Upon trial she had verdict of a jury and judgment for $1,400, which the defendant says should be reversed.

No motion for a new trial appears in the bill of exceptions, which is the only place where such a motion properly can appear. (*Smith v. Kahill,* 17 Ill. 67; *Deitrich v. Waldron,* 90 Ill. 115; *Butt v. Lee,* 27 Ill. App. 419.) Hence we cannot consider the sufficiency of the evidence to support the verdict. (*Metropolitan Discount Co. v. Pitsch,* 208 Ill. App. 407.)

The evidence tended to show that for the services rendered to Hess he promised to pay plaintiff by leaving her as a bequest in his will the home in which he lived, and such a will was made. Subsequently Hess made another will, in which, for some reason which does not appear, he failed in his promise to plaintiff and left her nothing. Defendant contends that under such circumstances, there being an express contract as to the manner of payment, plaintiff cannot recover

on a *quantum meruit.* No reported cases are presented supporting this contention. In Schouler on Wills (5th Ed.), vol. 1, sec. 453, it is said:

"If the aged or feeble decedent makes no will, or makes a different will from what was agreed upon, or revokes a bequest which was founded upon his own promise, the claim may be presented for settlement, to the whole or partial absorption of the estate, as the case may be. * * * Equity under circumstances of hardship and injustice to innocent third parties may refuse specific performance and remit the party to a creditor's action at law, *quantum meruit.*"

This is supported by many citations. To the same effect also are *Martin v. Wright's Adm'rs,* 13 Wend. (N. Y.) 460; *Robinson v. Raynor,* 28 N. Y. 494; *Stone v. Todd,* 49 N. J. L. 274, 8 Atl. 300. We see no reason in justice why plaintiff may not recover on a *quantum meruit* when Hess failed to keep his obligation to compensate through his will.

There is no merit in the suggestion that the evidence varies from the bill of particulars. However, this point is not properly before this court, as the bill of particulars is not preserved in the bill of exceptions, where it should be. (*Star Brewery v. Farnsworth,* 172 Ill. 247; *Peterson v. Mayer,* 142 Ill. App. 257.)

It was not error for the husband of plaintiff to testify. The agreement between Hess and plaintiff for compensation contemplated that it should be her exclusive property. This made the husband competent under the exception of section 5, Statute on Evidence and Depositions (J. & A. ¶ 5522).

It was proper to admit evidence concerning both wills. The first tended to show that the services were not gratuitous but were rendered under a promise of payment. The second tended to show that that promise had failed, leaving plaintiff her right to recover what the services were reasonably worth.

What we have said as to a plaintiff's right under the law supports the propriety of the instructions of the court to this effect.

There was no error in refusing to give the instructions presented by the defendant, as suggested in the brief. As we have said above, the evidence shows that the agreement was made with the plaintiff and not with her husband. He makes no claim for any part of the compensation.

The points made in defense are wholly technical in character and make appropriate the axiom that a technical reply is sufficient for a technical attack.

The trial resulted in substantial justice. Plaintiff is entitled to compensation and we cannot accord the technical matters of the defense sufficient weight to require a reversal. Therefore the judgment is affirmed.

*Affirmed.*