## Katherine V. Briggs, Appellee, v. Edwin Page, trading as Edwin Page & Company, Appellant.

### Gen. No. 25,975.

1. APPEAL AND ERROR—*power to review as affected by failure to preserve motion for new trial in bill of exceptions.* Notwithstanding the amendment of 1911 of section 81 of the Practice Act (Cahill's Ill. St. ch. 110, ¶ 81), the court, on appeal, cannot consider reasons for reversal based upon the insufficiency of the evidence if no motion for a new trial is preserved in the bill of exceptions, although the entry of an order overruling such a motion appears in the record proper.

2. APPEAL AND ERROR—*review of errors in instructions as affected by failure to present all instructions in abstract.* Alleged errors in giving instructions may not be considered on appeal if all of the instructions are not presented by the abstract.

3. PRINCIPAL AND AGENT—*insufficiency of evidence to show agent's authority or ratification.* Evidence *held* sufficient to warrant the jury in finding either prior authority in defendant's agent to sign a certain contract on behalf of defendant or subsequent ratification of such signature.

4. PRINCIPAL AND AGENT—*effect of acceptance by principal of benefits of agent's unauthorized act.* Where a principal has received the benefits accruing under a contract made by an agent, he cannot repudiate obligations imposed on him by the contract on the ground that it was unauthorized.

Appeal from the County Court of Cook county; the Hon. HARRY C. STUTTLE, Judge, presiding. Heard in this court at the March term, 1920. Affirmed. Opinion filed October 17, 1921.

EDWY LOGAN REEVES and ERNEST KASISCHKE, for appellant; ERNEST KASISCHKE, of counsel.

WILLIAM GRAHAM and ROY C. MERRICK, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

In this case the plaintiff sued the defendant, appellant here, on an agreement alleged to have been made

in October, 1916. Defendant is a stockbroker and was at that time giving exclusive attention to the sale of stock in a new corporation known as the Manly Motor Corporation. Among the five or six agents employed by him to make these sales was one A. B. Wilkinson, who received as compensation for his services 15 per cent of the amount of such sales as were made by him.

A. C. Moreland was the office manager for defendant at the time in question and, defendant says, "was running my office at that time."

Wilkinson in the course of his duties called on plaintiff and secured her subscription in writing for forty shares of the 7 per cent preferred capital stock (par value $10, fully paid and nonassessable) of the Manly Corporation, at the price of $400. The subscription stated that for each share of the preferred stock subscribed for plaintiff would receive four shares, fully paid and nonassessable, of the common stock of the same corporation, of the par value of $5 a share.

By agreement plaintiff delivered to Wilkinson in lieu of cash certain shares of stock in the Drexel Motor Corporation, for which she had paid $800. This stock was immediately thereafter sold by defendant for $400 in cash and applied upon her subscription. As an inducement to plaintiff to make the deal, and as a part of the same transaction, Wilkinson agreed with plaintiff that he would give her an agreement to the effect that defendant would at any time after July, 1917, sell her Manly Motor Corporation stock for at least $1,000. This agreement is evidenced by a writing on the stationery of defendant, dated 10/17/16, as follows:

"Mrs. Briggs,
       2038 W. Van Buren St.
Dear Mrs. Briggs:

I agree in behalf of Edwin Page & Co. to sell all or any part of your holdings in Manly Motor Corporation at a price to net you at least $1,000 for the full amount any time after July, 1917.

This agreement—temporary—will deliver agreement in a day or two.

EDWIN PAGE & Co.

A. B. WILKINSON.''

October 19th the following writing was delivered to plaintiff:

''Edwin Page & Company
The Rookery

Oct. 19, 1916.

''Mrs. K. V. Briggs,
    Chicago, Ill.
Dear Mrs. Briggs:

It is agreed that in the event you wish to sell all or any part of your stock in the Manly Motor Corporation, we will sell it for you any time after July, 1917, at a price to net you at least $1,000 for the full amount.

Or if you elect to return eighty shares of the Drexel stock and take up the Manly stock.

Yours truly,

EDWIN PAGE & Co.

A. B. WILKINSON.

Witness A. C. MORELAND.''

When sued on this contract for failure to sell the stock as agreed, defendant filed a verified plea of nonjoinder and pleas of the general issue and want of consideration, together with a plea to the effect that he did not make and deliver the writing on which the plaintiff sued. The cause was submitted to a jury, which returned a verdict for plaintiff in the sum of $835, allowance evidently being made by the jury for the sum of $165, which had been returned to plaintiff prior to the beginning of the suit. On this verdict the court entered judgment.

Appellant gives in his brief many reasons why, as he argues, the judgment should be reversed. These reasons are largely based upon the theory that the evidence is insufficient to sustain the verdict. Appellee suggests, however, that we may not consider these points for the reason that no motion for a new trial is preserved in the bill of exceptions, and that this court

cannot therefore consider the weight of the evidence. This was without doubt the rule prior to the amendment. of 1911 of section 81 of the Practice Act (Cahill's Ill. St. ch. 110, ¶ 81). The bill of exceptions in this record does not show a motion for a new trial, but in the record proper appears an order entered by the court overruling the motion of defendant for a new trial. Appellant argues that since said amendment of 1911 to section 81 of the Practice Act (Cahill's Ill. St. ch. 110, ¶ 81), the reason for the former rule has ceased to exist where the record, as here, shows an order overruling a motion for a new trial. *Carlson v. Swenson,* 197 Ill. App. 414, and *Green v. Streitmatter,* 183 Ill. App. 25, 26, are cited. Both these cases are abstracted in the reports. An examination of the opinion in *Carlson v. Swenson, supra,* shows that the question was raised in that case and considered, and the argument for the theory for which appellant contends stated, but that the court was very careful not to decide the point.

This court in the case of *Bross v. Ramsay,* 216 Ill. App. 312, decided subsequently to *Carlson v. Swenson, supra,* adhered to the former rule. The Supreme Court of the State in the very recent case of *Anderson v. Karstens,* 297 Ill. 76, says:

"The record kept by the clerk contains a motion for a new trial filed December 2, 1918, specifying many grounds, including among the grounds that the verdict was contrary to the law, against the weight and preponderance of the evidence, not supported by the evidence, and reciting at length instructions objected to; but none of these things could be considered by the Appellate Court, because a motion for a new trial, in order to become a part of the record, must be contained in the bill of exceptions."

We are bound by the law as thus stated by our Supreme Court, and we think it follows that we cannot in this case consider alleged errors going to the weight of the evidence.

Further, as to alleged errors in giving of instructions, these may not be considered because all the instructions are not presented by the abstract. *City of Roodhouse v. Christian,* 158 Ill. 137.

Appellant also argues that it was error to admit in evidence plaintiff's exhibits numbers 1, 8 and 9. Exhibit 1 is not abstracted. Exhibits 8 and 9 are the writings, written in defendant's name by Wilkinson, on which plaintiff's action is based. It was not claimed that the signature was written by the defendant. The whole case turned on the question of whether Wilkinson either had the authority to make the contract in the first instance, or whether it was ratified by defendant after it was made by Wilkinson in defendant's name.

The jury, to whom the issue was submitted, found for the plaintiff. We think there was evidence from which the jury could so find.

It is undisputed that defendant received and sold plaintiff's stock in the Drexel Motor Corporation, and it appears that he now retains the proceeds thereof. Defendant cannot thus avail himself of the benefits accruing to him under the contract and at the same time repudiate obligations imposed on him by the contract on the grounds that it was unauthorized.

There was evidence tending to show that the Manly Motor Corporation stock was without market value. The stock was, upon the trial, deposited with the clerk of the court for defendant's benefit.

The judgment will be affirmed.

*Affirmed.*

DEVER, P. J., and McSURELY, J., concur.