PERLEY E. EMERY *vs.* OTIS N. WHEELER, ADMR.

Cumberland.      Opinion December 2, 1930.

*Hinckley, Hinckley & Shesong,* for plaintiff.
*Joseph E. F. Connolly,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRINGTON, JJ.

STURGIS, J.  This action of assumpsit against the defendant as administrator of the estate of Ella F. Loveitt, late of South Portland, deceased, grows out of the plaintiff's claim for services rendered the intestate in her lifetime under an oral agreement that she would bequeath and devise to the plaintiff by will all property which she had at her decease.

The case comes forward on exceptions to the refusal of the presiding Justice to direct a verdict for the defendant, to the allowance of an amendment by the addition of a new count, and to instructions given the jury.

It is well settled that a person may make a valid contract for the disposition of property by will to a particular person or for a

particular purpose, and the contract will be enforceable. *Brickley* v. *Leonard*, 129 Me., 94; 28 R. C. L., 64; 40 Cyc., 1063. And where services are performed in pursuance of such a contract and the promissor fails to comply with the agreement, it may be enforced by bill in equity to impress and declare a trust if attending facts and circumstances disclose the requisite equity, *Brickley* v. *Leonard*, supra; or, if recovery is not barred by the Statute of Frauds, an action at law will lie for damages for breach of the contract, *Strakosch* v. *Conn. Tr. and S. D. Co.*, 96 Conn., 471; *Thompson* v. *Romack*, 174 Iowa, 155; *Clarke* v. *Treasurer*, 226 Mass., 301; *Wellington* v. *Apthorp*, 145 Mass., 69; *Jenkins* v. *Stetson*, 9 Allen (Mass.), 128; *Ruch* v. *Ruch*, 159 Mich., 231; *Day* v. *Washburn*, 76 N. H., 203; *Andrews* v. *Brewster*, 124 N. Y., 433; *Snyder* v. *McGill*, 265 Pa., 122; or upon a *quantum meruit* for the reasonable value of the services rendered. *Hudson* v. *Hudson*, 87 Ga., 678; *Huntington's App.*, 73 Conn., 582; *Hensley* v. *Hilton*, 191 Ind., 309; *Ginders* v. *Ginders*, 21 Ill. App., 522; *Bross* v. *Ramsay*, 216 Ill. App., 312; *Dixon* v. *Lamson*, 242 Mass., 129; *Canada* v. *Canada*, 6 Cush. (Mass.), 15; *Schwab* v. *Pierro*, 43 Minn., 520; *Howe* v. *Day*, 58 N. H., 516; *Collier* v. *Rutledge*, 136 N. Y., 621; *Moorhead* v. *Frye*, 24 Pa. St., 37; *Nelson* v. *Christensen*, 169 Wis., 373. See *Saunders* v. *Saunders*, 90 Me., 284.

The case at bar went to trial on issue joined on the plaintiff's declaration in account annexed, the only item relied on being,

"To care and nursing of said Ella F. Loveitt from July 4, 1926, to January 6, 1929, 130½ weeks at $20.00        2610"

The evidence adduced by the plaintiff tends to show that after the death of the intestate's husband, the plaintiff, who had long been a boarder in the family, continued to make his home with Mrs. Loveitt, then aged and a sufferer from frequent severe heart attacks. He carried much of the responsibility of the maintenance of the home, did most of the housework, ran the fires, and kept the grounds in order. He assisted her in walking in and out of the house, about the grounds and to the neighbors. He took her to ride frequently in his automobile. Except as a woman's services were required at time of serious illness or for spring house cleaning,

his was the only personal care and attention received by Mrs. Loveitt.

The plaintiff was barred from testifying in his own behalf. R. S. (1930), Chap. 96, Sec. 119. Apparently disinterested neighbors, however, testify to the facts stated, and one or more say that Mrs. Loveitt, in the plaintiff's presence, told them in substance, if not in exact words, that for these services rendered by the plaintiff she was going to give him her property at her death. One witness testifies that she stated that she had promised the plaintiff to give him by her will all property she had left at her decease.

The evidence introduced by the defendant does not sufficiently refute the plaintiff's case to bar a finding that services were rendered by the plaintiff under and pursuant to an agreement with the intestate substantially as claimed.

The original form of pleading adopted by the plaintiff, considered in the light of the evidence offered and the theory upon which the case was tried, indicates an election to seek recovery for the reasonable value of the plaintiff's services. The use of account annexed as a substitute for the common count of *quantum meruit* is unobjectionable. *Lynch* v. *Stebbins*, 127 Me., 203; *Levee* v. *Mardin*, 126 Me., 133; *Cape Elizabeth* v. *Lombard*, 70 Me., 396.

But the defendant raises the question of variance between pleading and proof. He contends that the services rendered by the plaintiff to the intestate were not "care and nursing." He makes further objection that the proof at the trial does not conform with the claim filed with the administrator as required by R. S. (1930), Chap. 101, Sec. 14. *Kelley* v. *Forbes*, 128 Me., 272.

A variance requires a real difference between allegation and proof. If the proof corresponds to the substance of the allegation, there is no variance, the test to be applied being the tendency of the evidence substantially to prove the allegation, not the literal identity of facts alleged and facts proven, 49 C. J., 807. "It is not indispensable to recovery that a party should make good his allegations to the letter." *Sposedo* v. *Merriman*, 111 Me., 530; and it is now held that no variance between pleading and proof will be deemed material if the adverse party is not surprised or misled to his prejudice in maintaining his action or defense upon the merits.

*Charles* v. *Harriman,* 121 Me., 484, 491; *Sposedo* v. *Merriman,* supra.

We think the plaintiff's proof substantially, if not literally, supports his allegation. "Care" is not a word of rigid and inflexible meaning but is one of broad comprehension admitting of a variation in its application to different persons and circumstances. It has no fixed and limited significance in law. *Bless* v. *Blizzard,* 86 Kan., 230; nor in its common use. An accepted definition is "resp˜nsibility, charge or oversight, watchful regard and attention." *Hewey* v. *Insurance Co.,* 100 Me., 523, 528; 1 Words & Phrases (2nd Series), 571. "Nursing" used in conjunction with "care" does not necessarily so restrict the scope of the latter word as to make the instant pleading a misleading description of the services proven. To "nurse," says Webster, is "to take care of or tend, as a sick person or invalid; to attend upon"; or "to care for or provide for tenderly or sedulously."

It is not beyond fair inference to conclude that the plaintiff had a general responsibility or oversight over the home in which he and Mrs. Loveitt lived, and extended watchful regard and attention to her, or that he attended upon and cared for her when she was stricken with heart attacks and in the enfeeblement of her declining years. A reasonable construction and comparison of pleading and proof, as well as the claim filed with the administrator, discloses no real difference which can be held to have surprised or misled the defendant to his prejudice. The defendant takes nothing by his first exception.

The defendant's second exception is directed to the allowance of an amendment offered by the plaintiff at the close of his case. A general objection was made and exception reserved. The amendment allowed reads:

"Also for that the Ella F. Loveitt at South Portland aforesaid, County and State, on the fifth day of July, 1926, in consideration that the plaintiff at her request should perform certain services for her, namely, to care and nurse her, promised the plaintiff to pay him on demand so much money as he reasonably deserved to have therefor; and the plaintiff avers that he did care for and nurse the said plaintiff from the

fourth day of July, 1926, to the sixth day of January, 1929. And the plaintiff avers that he reasonably deserved to have therefor the sum of twenty-six hundred and ten dollars for said 130½ weeks, yet he has never been paid for said services."

The plaintiff views this amendment as a count in *quantum meruit* permitting recovery for the reasonable value of the services he rendered to the defendant's intestate under her agreement to will him her property. If this contention is tenable, the new pleading adds nothing to the original declaration on account annexed, and there is no error. The common counts, including *quantum meruit*, however, are founded on an express or implied promise on the part of the defendant to pay money on a precedent consideration already executed, and must be so pleaded. Chitty on Pleading (16th Am. Ed.), 348; 2 Encyc. Pl. & Pr., 1004. The new count does not meet this test. The consideration of the defendant's promise, there averred, is executory and the contract declared upon can be construed only as an express, executory contract.

Acceding to this construction of the new pleading, the defendant insists that it introduces a new cause of action, and its allowance was error. Assuming the point well taken, we do not think the defendant has suffered by the amendment. The entire evidence is made a part of the bill of exceptions and it is abundantly manifest that no evidence was offered in support of the new count, and the verdict rests on a consideration only of the original pleading. If the allowance of the amendment was error, it was not prejudicial. *Holmes* v. *Robinson Manufacturing Co.*, 60 Me., 201, 205.

The exception to the charge of the presiding Justice requires brief consideration. The instructions objected to deal only with the right of the plaintiff to recover the reasonable value of his services in *quantum meruit*. As already pointed out, he may do this under his declaration on account annexed. No exception lies to the charge.

*Exceptions overruled.*