THERESA W. PELLETIER

*vs.*

LUELLA DEERING, INDIVIDUALLY

AND

AS EXECUTRIX OF THE ESTATE OF LOTTIE A. HALEY.

Androscoggin.          Opinion January 25, 1933.

*Louis J. Brann,*
*Peter A. Isaacson,* for plaintiffs.
*Herbert E. Holmes,* for defendants.

SITTING : PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

STURGIS, J.    This Bill in Equity is brought to impress a trust on the property of Lottie A. Haley, deceased, now in the possession of the defendant as executrix under her will. The action is based on the alleged breach of the decedent's agreement to bequeath her entire personal estate to the plaintiff. By consent of the parties, the case is reported to this Court for decision upon so much of the evidence as is legally admissible.

Lottie A. Haley formerly lived with her husband on Towle Street in Auburn at what is known as Parsons Mills. The couple were advanced in years and childless. While they lived in their home at Parsons Mills in the summer time, for more than nine years during the winter months, the Haleys rented rooms from the plaintiff and her husband, Frank P. Pelletier, who lived in a rented flat in Lewiston, and the families became very intimate. So close was this friendship that on November 27, 1929, when Mr. Haley lost his life in an accident, the Pelletiers assisted the widow in her funeral arrangements and invited and received her into their home as a guest. There is abundant evidence that there, in the early days of her bereavement, Mrs. Haley was cared for and comforted with marked kindness and consideration.

Within a week after her arrival at their home, Mrs. Haley had arranged with the Pelletiers that they should support and maintain

her for the rest of her life and have all her property. On December 5, 1929, an attorney was called to the Pelletier home, and his statement of what took place gives a clear account of the agreement made and its partial performance. He says:

"A. As near as I can, the conversation was as follows: Mr. and Mrs. Pelletier stated that they had been having some talk with Mrs. Haley with relation to supporting Mrs. Haley the rest of her natural life, and after some conversation Mrs. Haley told me that she was to give all of her property to the Pelletiers, and they in return were to provide her with a home at Parsons Mills, and furnish her with whatever she needed the rest of her life, and that she wanted a will drawn up to carry out the intent of their understanding. She also said that Mr. Pelletier was to repair the home there at Parsons Mills, that is, her old home, and make it suitable for the habitation of the two families, and that she would in time give him a deed so that he could borrow money on it. I prepared the will, and there was other general conversation, and of course all pertinent to the same general idea."

The attorney then states that he drew a will in which Mrs. Pelletier was sole beneficiary and Mrs. Haley executed it. He advances the opinion that Mrs. Haley understood what she was doing and was of sound mind. He advised that the agreement of the parties be reduced to writing, but this was not done. In his office a few days later, he prepared a deed conveying Mrs. Haley's home at Parsons Mills to Mr. Pelletier, and on December 26, 1929, it was executed. The making of this agreement, the will and the deed of her home at Parsons Mills by Mrs. Haley, as thus described, is confirmed by other witnesses and must be accepted as fully proved.

Alterations on the Haley house at Parsons Mills were begun without delay. Mr. Pelletier placed a mortgage upon the property and borrowed $1,700 from a local Loan and Building Association. A foundation was put under the house, two rooms were added, the kitchen was enlarged, water and electricity were put in and a flush closet was installed. Early in January, the Pelletiers gave up their rent in Lewiston and moved to Towle Street. Mrs. Haley accompanied them, was given the use of one of the new rooms furnished

with such of her own furniture as she desired, and through the winter it would seem that the Pelletiers fully and faithfully carried out their agreement.

In March, 1930, however, Mrs. Haley became dissatisfied. Complaining of the noise caused by some of the Pelletier children, of whom there were several, and annoyed by the operation of a radio, she left the house on Towle Street and took rooms elsewhere. On April 22, 1930, she revoked and destroyed her will in favor of Mrs. Pelletier and made a new will in which the defendant, who is her niece, was sole beneficiary. On May 5th following, she met the Pelletiers in the office of the attorney who had previously acted in the matter and, offering to allow them to retain the real estate which they had received from her, attempted to obtain their release of any further claims under her agreement. They charged her with unfairness and unreasonableness, asserted their own full performance of the agreement and insisted that she should abide by it. She refused to return to Towle Street or to give them her personal property. No compromise or settlement was effected.

On August 4, 1930, Mrs. Haley executed another will, again making the defendant Luella Deering, her sole beneficiary and executrix. She was still estranged from the Pelletiers. They occupied the property she had given them, while she maintained herself in boarding houses in Auburn and Lewiston without aid from or contact with them. On Thanksgiving Day, however, she called on the telephone and expressed a desire to spend the day with them. They sent for her and she went back to Towle Street. Witnesses called for the plaintiff testify that, before the day was over, Mrs. Haley had arranged to again live with the Pelletiers and began another stay with them.

It appears that Mr. Pelletier had started to erect a shed at the rear of the house on Towle Street, and there is evidence that Mrs. Haley requested him to build it into a two-room cottage for her use. He borrowed $200 from her, gave her a mortgage on the entire property as security, and built the cottage. She lived in it through the winter of 1931. She had grown infirm, a chronic heart trouble was more serious and a long-existing lameness had increased. Mrs. Pelletier and members of her family served Mrs. Haley with meals in the cottage and there ministered generally to her needs.

Trouble arose again in the spring. On March 15, 1931, Mrs. Haley left the Pelletiers' home and engaged board and room elsewhere. Whatever may have been the cause of her departure, the fact remains that she never returned. In June or July following, Mr. Pelletier paid her attorney the money he had borrowed to build the cottage, and her mortgage securing the loan was discharged. The inference is warranted that the Pelletiers had then arranged to trade the land and buildings obtained from Mrs. Haley for property at Danville, some miles away, and a discharge of the mortgage was necessary to clear title.

On August 25, 1931, Lottie A. Haley died and thereafter her will of August 4, 1930, of the tenor already stated, was admitted to probate, the defendant was duly appointed and qualified as executrix thereof, and, in that capacity, became intrusted with the estate of the testatrix, which is personal property amounting to $2,871.64 according to the appraisal.

The special prayers of the bill are that the defendant, both as executrix and as sole legatee under Mrs. Haley's will, be adjudged and decreed trustee for and ordered to transfer to the plaintiff all the goods and chattels, including moneys on deposit or in hand, belonging to the estate. The defendant, in her answer, denies that there is equity in the bill, charging affirmatively in substance that (1) the plaintiff Theresa W. Pelletier and her husband obtained the agreement from Lottie A. Haley on which they rely by fraud and undue influence; (2) that by reason of the failure of the plaintiff and her husband to carry out their own part of the agreement, Mrs. Haley was justified in leaving their home and refusing to give them her personal estate; and (3) that the plaintiff has a plain, adequate and complete remedy at law. A plea of non-joinder of Frank P. Pelletier as a party is appended to the answer.

The evidence in this case clearly shows that the defendant's decedent, Lottie A. Haley, entered into a valid and binding contract with the plaintiff, Theresa W. Pelletier, and her husband, Frank P. Pelletier, by which she obligated herself in the first instance to convey her real estate to Mr. Pelletier and to bequeath her personal estate to Mrs. Pelletier. It is equally well shown that her promisees engaged to support and maintain her for the rest of her life in the

house in which she had lived for years and under the agreement was to convey to Mr. Pelletier.

There was partial performance of the contract on both sides. As we have pointed out, the Pelletiers supported and maintained Mrs. Haley as long as she would stay with them. She, in turn, conveyed her real estate to Mr. Pelletier, made a will in favor of Mrs. Pelletier and accepted support and maintenance from them during two winters. In the spring and summer of 1930, however, she repudiated her agreement, revoked her will and made other testamentary dispositions of her property. Although she went back to the Pelletiers for the winter of 1931, her departure the following March, her failure to make a new will and her conduct generally indicated that she intended to abide by her earlier repudiation of her contract and, so far as she was concerned, it was at an end.

The case reported does not support the defendant's charge of undue influence. The agreement made with the Pelletiers for her support and maintenance, on its face, was as fair and advantageous to Mrs. Haley as to them. She was an eldery woman, not in good health, alone and in need of care, and they were her closest friends. Although she was undoubtedly grief-stricken at the time and moved by the kindness and attention she received, the weight of the evidence indicates that she acted as a free agent and according to her own volition.

There is no convincing proof that Mrs. Haley was denied reasonably suitable and sufficient support and maintenance. She had years of acquaintance with the Pelletier family, knew all the members of it and their family life and it does not appear that they changed their mode of living or conduct materially after they moved to Towle Street. There is evidence that the room Mrs. Haley occupied the first winter was of her own choosing and that the cottage was built the next year at her request and she occupied it voluntarily. We are not convinced that she was justified, on this record, in violating her contract. The important question here is whether the plaintiff can have a remedy for its breach in this action in equity.

A valid contract for the disposition of property by will to a particular person is undoubtedly enforcible, and, where services are performed in pursuance thereto and the promisor fails to comply

with the agreement, if recovery is not barred by the Statute of Frauds, an action will lie for damages for breach of the contract or upon a *quantum meruit* for the reasonable value of the services rendered, or if the requisite facts and circumstances attend, it may be enforced by a bill in equity to impress and declare a trust. *Emery* v. *Wheeler*, 129 Me., 428, 152 A., 624.

There are, however, limitations upon the right to equitable relief in cases of this kind. If the promisee under an agreement such as is found here has changed his condition and relation so that a refusal to complete would be a fraud upon him and there is present no inadequacy of consideration nor circumstances nor conditions rendering the claim inequitable, if the courts of law afford no adequate remedy, a court of equity will construe the agreement as binding the property of the testator or intestate so as to fasten or impress a trust on it in favor of the promisee. *Brickley* v. *Leonard*, 129 Me., 94; *Lang* v. *Chase*, 130 Me., 267. If these essential equitable Me., 94, 149 A., 833; *Lang* v. *Chase*, 130 Me., 267, 155 A., 273. If these essential equitable requisites are lacking, the remedy is at law.

The plaintiff, Theresa W. Pelletier, moved from a tenement in Lewiston to a remodeled home in Auburn with modern conveniences. From December, 1929, to sometime in March following, a period of about three months, she was kind and attentive to Mrs. Haley and incurred the burden of having an additional member in the family. Again, from Thanksgiving Day of the next fall until March 15, 1931, she served Mrs. Haley, and the demands upon her were more exacting. It is to be assumed, however, that the expense of Mrs. Haley's support and maintenance fell upon Mr. Pelletier. He was a party to this transaction and his wife's rights in this action must be weighed in the light of his responsibilities, obligations and the reward which he received. Acquiring a home for himself in place of a rented flat, subject, it is true, to the cost of remodeling, he received an equity of redemption of substantial value which he used as a part payment on the purchase price of another house. Mrs. Pelletier as his wife had a potential interest in the property and that received in exchange. She occupied and used each as her home. The indirect benefit which she received from the real estate can not be ignored.

The estate of Lottie A. Haley includes only personal property and there is no proof that any peculiar or sentimental value attaches to any part of it. The plaintiff can be fully compensated by money damages for all the services she has performed under her contract with the decedent or for the breach of it if she elects to make that the gist of her action. We do not find such a change in the plaintiff's condition or relation as will warrant a finding that Mrs. Haley's breach of her contract was a fraud. The plaintiff has a full, complete and adequate remedy at law and she should seek it in that forum.

The defense of non-joinder raised by the plea needs no consideration here. Lacking allegations and the support of proof, which show grounds for equitable relief, this bill must be dismissed. The case being here on report, judgment must be so entered.

> *Bill dismissed.*
> *Decree below in accordance with this opinion.*