SUSAN LUTICK *vs.* WALTER SILEIKA.

Oxford.     Opinion, August 6, 1940.

*Theodore Gonya,* for plaintiff.
*Peter M. MacDonald,*
*Locke, Campbell & Reid,* for defendant.

SITTING: BARNES, C. J., STURGIS, THAXTER, HUDSON, MANSER, WORSTER, JJ.

WORSTER, J.    On appeal in equity.

The defendant, as residuary devisee under the will of Michael Ramaika, deceased, acquired certain real estate, worth about $1,000, which Ramaika in his lifetime called his "home," and which

the plaintiff claims, in substance and effect, Ramaika had promised to leave to her as a reward for services rendered to him.

She now seeks to have that real estate impressed with a trust in her favor, and prays that the defendant be ordered to convey it to her. The sitting justice so ordered, and the defendant appealed.

That justice might have found from the record in this case, as follows:

Ramaika died July 10, 1939, having never married. His will, executed June 8, 1937, has been allowed and admitted to probate. He was the plaintiff's godfather, and cousin of her father, Joe Lutick, in whose home Ramaika boarded from 1910 until 1928, when he built and moved into a house on the lot of land that he had purchased, adjacent to Lutick's premises.

In December, 1929, Ramaika was very ill with diabetes, and was taken to a hospital where he remained about three and one-half months. He was then taken to the Lutick home. At that time he was confined to his bed, and required considerable care, not only on account of his diabetic condition, but also because of a carbuncle on his back, which "was constantly draining" and had to be frequently dressed, and because he often fouled his bed.

He had great affection for the plaintiff, whom, at times, he called daughter. She was then about seventeen years of age, and a sophomore in the high school. Having received instructions from the nurses as to insulin injections and diabetic diet, she took care of him from the time of his arrival at the Lutick home from the hospital, in March, 1930. In a few days, however, Ramaika was told that he would have to go back to the hospital, because the work was too much for her. This he did not want to do, and then it was that he promised her that if she would take care of him "until he was able to get on his feet," he would fully reward her by leaving his home to her when he died. Whereupon the plaintiff, relying on that promise, properly took care of him for about ten weeks in all, and "until he was able to get on his feet," in the sense those words were used by him, in his promise to her. He then returned to his own home, but even after that the plaintiff continued, for a while, to render him some assistance.

And, from the record, the justice might very properly have concluded that an oral contract had been entered into by and between

Ramaika and this plaintiff, as claimed by her; that it had been fully performed on her part; and that he did not leave the property to her as he had agreed to do, thus breaking his contract.

But, in order to fasten a trust on this real estate in favor of the plaintiff, something more must be shown than the mere non-performance by Ramaika of his contract to devise such property to her.

It must appear that the plaintiff, in the performance of her contract, and because thereof, was compelled to, and in fact did, change her condition in such a manner and to such an extent that, in the circumstances of the case, Ramaika's failure to devise the property to her amounted to a fraud on her.

In *Pelletier* v. *Deering*, 131 Me., 462, at 468, 164 A., 195, the court said:

"There are, however, limitations upon the right to equitable relief in cases of this kind. If the promisee under an agreement such as is found here has changed his condition and relation so that a refusal to complete would be a fraud upon him and there is present no inadequacy of consideration nor circumstances nor conditions rendering the claim inequitable, if the courts of law afford no adequate remedy, a court of equity will construe the agreement as binding the property of the testator or intestate so as to fasten or impress a trust on it in favor of the promisee. . . . If these essential equitable requisites are lacking, the remedy is at law."

Whether or not, in order to carry out her part of the contract, this plaintiff did change her condition, within the meaning of the rule just quoted, was a question of fact for the sitting justice. No findings of fact were filed, but the entry of the final decree in her favor imports a finding of all subsidiary facts necessary to support such decree.

Undoubtedly, the general rule is that a finding of fact by a sitting justice, based on evidence, is final and conclusive; but, on the other hand, if a final decree is not supported by evidence of real worth and probative value, or if it is based on an error of law, it cannot be sustained on appeal.

In the instant case, there is no evidence whatsoever that the plain-

tiff ever changed her condition in the sense that word is used in the foregoing rule. Moreover, other than the performance of the actual services required of her in taking care of Ramaika, the plaintiff did not change her condition at all.

At the time the contract was made, she was living at home with her father and mother, and attending high school; and during the ten weeks that she took care of Ramaika, she continued to live at home and attend high school, as before. The mere fact that she worked hard, and had to and did give up some social activities during that comparatively short time, did not constitute such a change.

And so the evidence, considered in the light most favorable to the plaintiff, does not, as a matter of law, entitle her to the relief granted by that decree.

It is unnecessary to consider the effect of the provisions of Subsection VII of Section 1 of Chapter 150 of the Laws of Maine, 1935, because they do not apply to agreements made prior to July 1, 1935, so have no bearing on this case.

The decree appealed from, being unsupported by the evidence, and based on error of law, is plainly wrong, and cannot be sustained.

The mandate is

*Appeal sustained.*
*Decree below reversed.*
*Case remanded for decree in*
*accordance with this opinion.*