JAMES H. TUTTLE
*vs.*
WILLIAM S. HOWLAND ET AL.

Hancock.    Opinion, July 24, 1950.

*Charles Hurley,* for plaintiff.

*William S. Silsby,* for defendant.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

NULTY, J.   This is a bill in equity to compel specific performance of a contract to convey real estate and is before this court for the second time, having been remanded to the court below for the correction of pleadings, for a proper appraisal of the wife's interests, and for further evidence. See 143 Me. 394, 54 A. (2nd) 534.  The pleadings were corrected and Mary A. Howland, the wife, stipulated that she would waive her rights to any and all parts of the consideration to which she was entitled under the law of descent. Further evidence was taken out before the sitting justice and by stipulation the evidence taken out at the prior hearing was made a part of the record.   The sitting justice by final decree sustained the bill and ordered the defendant and his wife to convey the premises described in the bill of complaint to the plaintiff as prayed for in the bill and the matter is before us on an appeal by the defendants.   The controversy arose out of the failure of the defendant, William A. Howland, to convey certain real estate situated on Little Deer Isle in Hancock County, Maine, to the plaintiff after the plaintiff had made an offer to the defendant in writing which was accepted by the defendant in writing through his attorney.   In the acceptance the defendant, through his attorney, described the premises as follows:

> "The Willow Ledge property means the cottage and all property on the Penobscot Bay or west side of the Main road through the middle of Little Deer Isle—which property is properly known as the Willow Ledge property—bounded on north by Miss Isabel Howland's property (The Stone Turtle cottage and property) and on the South by the Allchin property, consisting of a strip of land from the Willow Ledge property back to the main road, probably some 25 or 30 acres or better.  I do not include in the 'Willow Ledge' property any of the property belonging to me on The Eggemoggin Reach or east side of the main road, which is part

of another piece of land which I intend to keep—known as the Douglas place."

Subsequently, further negotiations were carried on between the parties or their attorneys with reference to the title and the preparation of a deed and a better description of the premises. There was some delay due to the fact that the defendant was out of the country. Subsequently, it appears from the record that the title was examined and a description prepared by a local attorney from which a deed was prepared and submitted to the defendants for signatures. There were other incidental delays and finally it became evident to the plaintiff that the defendants were not going to execute the prepared deed and the present bill in equity was brought in which the plaintiff described the premises as described in the prepared deed with a prayer for specific performance.

The defendants claim that the description in the bill in equity praying for specific performance is not the same premises as set forth in the letter of acceptance and that, therefore, there is a material variance between the allegations of the plaintiff's bill and the premises offered by the defendant for sale to the plaintiff in the letter of acceptance. The sitting justice, after hearing all the evidence, including the evidence taken at the prior hearing, concluded that the plaintiff had sustained the burden on all the allegations of the bill and the premises described in plaintiff's bill were the same premises referred to and described in defendant's acceptance.

Final decree was filed which ordered the defendants to convey the premises described in the bill of complaint to the plaintiff and also ordered the wife, Mary A. Howland, to join in said deed and release her right and interest by descent.

This court has said many times that equity appeals are heard anew on the record. *Cassidy et al.* v. *Murray et al.,* 144 Me. 326, and cases cited. Our court has also held that

findings of fact by the justice below will be conclusive unless clearly wrong and the burden is upon the appellant to prove it. *Cassidy et al.* v. *Murray et al., supra,* and cases cited.

As we stated above, the defendants assert that there is a variance between the allegations and proof. This court said in *Emery* v. *Wheeler, Admr.,* 129 Me. 428, 431, 152 A. 624:

"A variance requires a real difference between allegation and proof. If the proof corresponds to the substance of the allegation, there is no variance, the test to be applied being the tendency of the evidence substantially to prove the allegation, not the literal identity of facts alleged and facts proven, 49 C. J., 807. 'It is not indispensable to recovery that a party should make good his allegations to the letter.' *Sposedo* v. *Merriman,* 111 Me., 530; and it is now held that no variance between pleading and proof will be deemed material if the adverse party is not surprised or misled to his prejudice in maintaining his action or defense upon the merits."

To the same effect, see *Peoples Savings Bank* v. *Chesley,* 138 Me. 353, 361, 26 A. (2nd) 632.

In addition to the testimony taken out at the prior hearing the sitting justice at the second hearing heard the testimony of two local engineers, both of whom testified at length from notes and prepared plans made by them. The description of the premises in the bill describes a certain parcel of land in Little Deer Isle that lies on the south side of the town road crossing Little Deer Isle and is a metes and bounds description of the real estate owned by the defendant on Little Deer Isle which lies on the south side of the town road. The letter of acceptance of the defendant stated that the Willow Ledge property means the cottage and all the property on the Penobscot Bay or west side of the main road leading through the middle of Little Deer Isle. The description of the premises used in the bill is that taken

from the records in the Hancock County Registry of Deeds and was prepared by an Attorney who, according to his testimony, was somewhat familiar with the location, and it describes the premises that are situated on the Penobscot Bay side of the highway passing through the middle of Little Deer Isle. The testimony of the local attorney who investigated the title and prepared the description taken together with the testimony of the two engineers, when carefully analyzed in connection with the plans of the engineers, makes it plain that the defendant in his letter of acceptance substantially described the Willow Ledge property even though there is some confusion in the use of the terms "south" and "west" side of the road. We do not regard this failure to correctly observe the points of the compass as material and we are of the opinion, after a careful examination of the record of both hearings, that there was ample evidence to support the findings and conclusions of the sitting justice. In our opinion there is no substantial variance and the substance of the allegations corresponds substantially to the proof. We are further of the opinion that the case of *Emery* v. *Wheeler, Admr., supra,* governs the question of variance and must be resolved in favor of the plaintiff and that the conclusions reached by the sitting justice are not unsupported by evidence of probative force, and, under the oft repeated holdings of this court, the findings of a sitting justice in equity upon questions of fact necessarily involved are not to be reversed upon appeal unless they are clearly wrong and the burden is always on the appellant to satisfy the court that such is the fact. See *Adams* v. *Ketchum,* 129 Me. 212, 221, 151 A. 146, and cases cited. See *Cassidy et al.* v. *Murray et al., supra.* It, therefore, follows that the final decree entered in the Superior Court by the sitting justice should be affirmed and the appeal of the defendants dismissed. Let the entry be

*Appeal dismissed.*

*Decree below affirmed.*